## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SHARMAINE LEWIS,<br>Plaintiff, | ) ) ) ) | |
| *vs.* | ) ) | Case 2:20-cv-04368-JD |
| NATIONAL BOARD OF OSTEOPATHIC<br>MEDICAL EXAMINERS, INC.,<br>Defendant | ) ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER PER 28 U.S.C. §1404(a) AND FORUM SELECTION CLAUSE

### I. PRELIMINARY STATEMENT

In violation of the valid and enforceable *forum selection clause*, to which Plaintiff explicitly agreed to multiple times, Plaintiff brought this lawsuit in this Court against defendant, National Board of Osteopathic Medical Examiners, Inc. (NBOME), an Indiana nonprofit corporation organized and existing under the laws of the State of Indiana, alleging that the Americans with Disabilities Act (ADA) requires the NBOME to approve her requests for more testing time than the time available to other test-takers to take the national board examinations provided by NBOME for osteopathic medical students.

Those tests include the COMLEX-USA Level 1 and COMLEX-USA Level 2-CE (Cognitive Evaluation) examinations that are relied upon by state licensing boards throughout the United States to assure applicants for medical licensure are competent to safely practice osteopathic medicine.

Between May 2017 and June 2019, Plaintiff registered and paid for COMLEX-USA Level 1 and COMLEX-USA Level 2-CE examinations seven (7) times, Each time she registered she agreed to the COMLEX-USA Terms and Conditions which include a *forum selection clause* mandating that any dispute arising out of the purchase of such exams is governed by Indiana law and must be brought in a competent court in Marion County, Indiana, which includes the U.S.D.C., Southern District of Indiana.

Although the NBOME did not approve Plaintiff's request for extended testing time for the COMLEX-USA Level 1 examination, she sat for that examination in September 2017 without accommodations and passed on her first attempt, making her eligible to take the COMLEX-USA Level 2-CE examination. In January and October of 2018, Plaintiff registered for and purchased from NBOME the COMLEX-USA Level 2-CE examination, but did not pass the examination.

Having failed the COMLEX-USA Level 2-CE examination, in January 2019, Plaintiff again requested testing accommodations, claiming she is a person with disabilities requiring accommodations under the ADA to access that examination. Her request for accommodations was again carefully reviewed and acted upon by NBOME's Testing Accommodations Committee (TAC), a panel of experts, and not approved. In February and June 2019, Plaintiff again registered for and purchased from NBOME the COMLEX-USA Level 2-CE examination, but did not pass the examination.

On September 4, 2020 Plaintiff brought this action against the NBOME in this Court, in violation of the *forum selection clause* included in the click-thru Terms and Conditions agreement she had reasonable notice of and agreed to by clicking "Agree to Terms" every time she registered for and purchased from NBOME a COMLEX-USA examination. Without so agreeing she could not have possibly registered to take and purchased the COMLEX-USA Level 1 and Level 2-CE examinations.

The *forum selection clause*, which Plaintiff had to view by clicking "View Terms", and then clicking "Agree to Terms" manifesting her agreement to the Terms and Conditions, which she was required to do before completing the registration and purchase of the examinations, provides a central location for all litigation – Indiana, the state of incorporation of NBOME – for claims brought by candidates who take the COMLEX-USA examination throughout the whole of the United States.

Settled law requires, in accordance with 28 U.S.C. §1404(a) and <u>Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas</u>, 134 S. Ct. 568 (2013), and <u>Feldman v. Google, Inc.</u>, 513 F. Supp.

Case 2:20-cv-04368-JD   Document 9-1   Filed 10/16/20   Page 3 of 20

2d 229 (E. Pa 2007), that this action be transferred to the United States District Court, Southern District

of Indiana, pursuant to the mandatory *forum selection clause* agreed to by Plaintiff multiple times.

      The valid and enforceable *forum selection clause* included in the Terms and Conditions of the

click-thru agreement agreed to by Plaintiff mandates that any claim "whatsoever" against the NBOME

shall be brought only in "a court of competent jurisdiction in Marion County, Indiana ..., to the

exclusion of all other courts." As shown below, this mandatory *forum selection clause,* clearly set out in

the click-thru Terms and Conditions agreement necessarily agreed to by Plaintiff each time she

purchased and registered to take a COMLEX-USA examination, as well as in NBOME's online Bulletin

of Information (BOI), is valid and enforceable and must be enforced by this Court.

      <u>Atlantic Marine</u> is clear that a *forum selection clause* that points to a particular federal district

should be enforced according to its terms by a motion to transfer per 28 U.S.C. §1404(a), and there is no

basis whatsoever that could counter this directive of the Supreme Court in <u>Atlantic Marine</u>.[1]

      Therefore, the Court must transfer this action and all of Plaintiff's claims to the United States

District Court, for the Southern District of Indiana.

## II.  STATEMENT OF FACTS

      NBOME is an Indiana non-profit corporation, organized and existing under the laws of the State

of Indiana. *Flamini Dec.*, ¶ 2[2]

      The NBOME's stated mission "is to protect the public by providing the means to assess

competencies of osteopathic medicine and related health care professions." *Flamini Dec.,* ¶ 3.

      In furtherance of its mission to protect the public, the NBOME develops and provides for

osteopathic medical students and graduates a three-level "Comprehensive Osteopathic Medical

---

[1] Plaintiff, as the party acting in violation of the *forum selection clause* has the burden to prove that the clause should not be enforce, a heavy burden Plaintiff cannot meet. <u>Atlantic Marine</u>, 134 S. Ct. at 583
[2] The Declaration of Joseph Flamini (hereinafter referred to as "*Flamini Dec.*, ¶ ___,") is submitted in support of NBOME's motion to transfer this case to the District Court, Southern District of Indiana.

Licensing Examination" ("COMLEX-USA") that is accepted by state licensing boards in all fifty states in the United States, to assure that applicants for medical licensure are competent to safely practice osteopathic medicine. In constructing its COMLEX-USA examinations, NBOME employs a rigorous procedure, including the time allotted to test-takers, to assure that those achieving a passing score are competent to safely practice osteopathic medicine and worthy of a medical licensure. *Flamini Dec.,* ¶ 4.

Although state licensing boards issue medical licenses, they rely upon testing of candidates by the NBOME, and the COMLEX-USA examination series is the primary pathway to licensure for osteopathic physicians seeking to practice osteopathic medicine and surgery. State licensing boards rely upon NBOME to properly test osteopathic medical students and graduates to assure that they are competent to safely practice osteopathic medicine anywhere in the United States. NBOME does not issue or grant medical licenses to practice osteopathic medicine. *Flamini Dec.,* ¶ 5.

The COMLEX-USA series of national board examinations include the COMLEX-USA Level 1, COMLEX-USA Level 2-CE (Cognitive Evaluation), COMLEX-USA Level 2-PE (Performance Evaluation), and COMLEX-USA Level 3 examinations. These COMLEX-USA examinations are more fully described in the NBOME's published COMLEX-USA Bulletin of Information (BOI), available online at www.nbome.org. *Flamini Dec.,* ¶ 6.

The COMLEX-USA examination series is designed to assess the osteopathic medical knowledge, knowledge fluency, and clinical skills considered essential for osteopathic generalist physicians to practice osteopathic medicine. The foundation of COMLEX-USA is based on the osteopathic philosophy of whole-person health care, underlying structure-function relationships and the interdependence of body systems, self-healing and self-regulatory mechanisms, and the full scope of the osteopathic approach to patient care, including osteopathic manipulative medicine. *Flamini Dec.,* ¶ 7.

As described in the BOI, each COMLEX-USA examination is administered in a standardized, time-measured environment. The ability to recall, interpret, process, and apply clinical knowledge and skills without hesitation and in a fluid manner ("knowledge fluency") is fundamental to a generalist osteopathic physician's competence to practice osteopathic medicine and therefore is one of the fundamental competencies the COMLEX-USA examinations assess. *Flamini Dec.,* ¶ 8.

The COMLEX-USA BULLETIN of INFOMRATION at www.nbome.org provides:

# Important Legal Notice To Candidates

Every individual who intends to purchase or take a COMLEX-USA examination must first carefully read the most recently published COMLEX-USA *Bulletin of Information* (BOI) and immediately advise NBOME of any question or concern he or she may have regarding the examination, the conduct required of candidates, or his or her legal obligations to NBOME.

As a condition of providing any COMLEX-USA examination to an individual who intends to purchase or take the examination ("candidate"), the candidate must establish or have established a current account with NBOME and accept or agree to the Terms and Conditions required of candidates who desire to purchase or take a COMLEX-USA examination. By establishing an account with NBOME, the candidate agrees that he or she is and shall be legally bound by all the terms, conditions, procedures, and obligations of a candidate as set forth in the most recently published BOI online at www.nbome.org. The candidate also is and shall be legally bound by all the Terms and Conditions which he or she specifically accepted or agreed to when the candidate established an account with NBOME or purchased any COMLEX-USA examination.

*Flamini Dec.,* ¶ 9.

The NBOME COMLEX-USA Level 1, COMLEX-USA Level 2-CE and COMLEX-USA Level 3 examinations are computer based. The NBOME contracts with Prometric Inc. ("Prometric"), an independent vendor, to administer those computer based examinations to osteopathic students. Prometric provides over 320 testing sites for NBOME and other clients throughout the United States. Osteopathic medical school students from all over the United States take the COMLEX-USA series of examinations at Prometric testing sites throughout the United States. *Flamini Dec.,* ¶ 10.

Although NBOME has offices located in Chicago, Illinois and Conshohocken, Pennsylvania, Plaintiff took the COMLEX-USA Level 1 examination in Fairlawn, New Jersey and the Level 2-CE

examinations in Fairlawn, New Jersey, Florence, Kentucky and Louisville, Kentucky. The COMLEX-USA Level 1 and COMLEX-USA Level 2-CE examinations taken by the Plaintiff were all scored by the NBOME at its corporate offices in Chicago, Illinois. *Flamini Dec.,* ¶ 11.

NBOME's records show Plaintiff is a resident of Huntington, West Virginia. *Flamini Dec.*, ¶ 12.

Plaintiff's requests for special testing accommodations for the COMLEX-USA Level 1 and Level 2-CE examinations were submitted to the NBOME's corporate offices in Chicago, Illinois, and then made available by the NBOME electronically to its Test Accommodation Committee (TAC) for review and the decisions whether or not to approve an accommodation request. *Flamini Dec.,* ¶ 13.

All requests for testing accommodations are considered and acted upon by TAC, a panel which consists of qualified osteopathic physicians from different disciplines, who have the expertise to consider and act upon requests for testing accommodation. After careful consideration of Plaintiff's requests and the documentation she submitted, as well as the opinion of an independent expert psychologist, TAC did not approve her requests. *Flamini Dec.,* ¶ 14.

Although the NBOME did not approve Plaintiff's request for extended testing time for the COMLEX-USA Level 1 examination, she sat for that examination in Fairlawn, New Jersey on September 21, 2017 *without accommodations and passed* with a score of 427, 27 points higher than the required passing score of 400, making her eligible to take the COMLEX-USA Level 2-CE examination. *Flamini Dec.,* ¶ 15.

On January 30, 2018, Plaintiff registered for and purchased from NBOME the COMLEX-USA Level 2-CE examination, which she took in Fairlawn, New Jersey on September 26, 2018, but the exam was not scored because Plaintiff reported another candidate in the test center was noisy which she claimed adversely affected her exam performance. NBOME granted her request to not score her exam and allowed her to re-take at no cost to her. On October 13, 2018 Plaintiff again registered for and

acquired the COMLEX-USA Level 2-CE examination, which she took in Florence, Kentucky on November 27, 2018 and did not pass. *Flamini Dec.,* ¶ 16.

In January 2019 Plaintiff again requested the NBOME to allow her additional testing time to take the Level 2-CE examination, claiming to be a person with disabilities requiring accommodations under the ADA to access that examination. TAC again carefully considered Plaintiff's request for extended testing time and other accommodations, and again obtained and considered the opinion of an outside expert psychologist, and again did not approve her request. *Flamini Dec.,* ¶ 17.

On February 18, 2019, Plaintiff again registered for and purchased from NBOME the COMLEX-USA Level 2-CE examination, which she took in Louisville, Kentucky on April 8, 2019 without accommodations and did not pass. On June 10, 2019, Plaintiff again registered for and purchased the COMLEX-USA Level 2-CE examination, which she took in Louisville, Kentucky on June 25, 2019 without accommodations and did not pass. *Flamini Dec.,* ¶ 18.

All candidates, including Plaintiff, intending to take a COMLEX-USA examination must use the online access system at www.nbome.org to register and pay for the examination, through the NBOME's Client Registration System ("CRS"). The CRS is the means by which a candidate can register online to take COMLEX-USA Level 1, COMLEX-USA Level 2-CE and COMLEX-USA Level 3 examinations at a location of the candidate's choosing. The candidate, including Plaintiff, is directed to Prometric's website to select the testing site of the candidate's choice and schedule the exam. *Flamini Dec.,* ¶ 19.

Each time Plaintiff purchased and registered online at the NBOME website to take the COMLEX-USA Level 1 examination, on May 15, 2017, August 11, 2017 and August 24, 2017 (3 times), and again online to take the COMLEX-USA Level 2-CE, on January 30, 2018, October 13, 2018, February 18, 2019, and June 10, 2019 (4 times), she clicked the "Agree to Terms," button, specifically agreeing to the Terms and Conditions of click-thru agreement. *Flamini Dec.,* ¶ 20.

A true copy of the Terms and Conditions click-thru agreement agreed to by Plaintiff is attached

as Exhibit A to the Flamini Declaration submitted herewith. *Flamini Dec.,* ¶ 21, Exhibit A.

The Terms and Conditions were readily available to Plaintiff by clicking the "View Terms"

button during the purchase and registration process, which she must click in order to proceed. Attached

to the Flamini Declaration as Exhibit B are screen shots showing the *process* Plaintiff necessarily must

follow to complete the process to register for and purchase a COMLEX-USA Level 1 or Level 2-CE

examination, as well as all the Terms and Conditions affirmatively agreed to by Plaintiff each time she

clicked "Agree to Terms," again which she had to do in order to register for and purchase the

examination. *Flamini Dec.,* ¶ 22, Exhibits B.

Specifically, when Plaintiff clicked on the "Agree to Terms" button she agreed to the Terms and

Conditions set forth on the screen (and also contained in the NBOME COMLEX-USA Bulletin of

Information (BOI)):

**Terms and Conditions**

Candidates are legally bound by the following Terms and Conditions:

(1) **Bulletin of Information (BOI)**. The candidate shall comply with all the terms, conditions, procedures and obligations as set forth in this BOI.

…

(8) **Choice of Law**. The provisions, terms and conditions of this BOI, including Terms and Conditions accepted by the candidate, shall be governed by and construed only under the laws of the state of Indiana. Any claim by or for the candidate against NBOME or its employees, officers, directors, or agents, and any claim by NBOME against the candidate, arising out or relating to any COMLEX-USA examination, shall be considered and resolved only under the laws of the state of Indiana (to the exclusion of the laws of any other state, and without regard to the conflict of law provisions or law of any state), or under any applicable federal law.

(9) **Forum Selection, Personal Jurisdiction**. The candidate expressly agrees that any claim, demand, or complaint whatsoever by or for the candidate against NBOME, or any of its employees, officers, directors, or agents, shall be brought only in a court of competent jurisdiction located in Marion County, Indiana, to the exclusion of all other courts and jurisdictions. The candidate acknowledges and agrees that NBOME is incorporated as a nonprofit corporation in the state of Indiana, that NBOME examinations are administered

throughout the United States, that it is reasonable for the laws of the state of Indiana, the place of incorporation of the NBOME, to be applicable, and that any claim, demand, or complaint by the candidate against the NBOME, its employees, officers, directors, or agents be brought only in a court of competent jurisdiction located in Marion County, Indiana, to the exclusion of all other state laws and jurisdictions. The candidate expressly agrees and submits to the jurisdiction of courts of competent jurisdiction located in Marion County, Indiana.

(11) **Attorneys' Fees, Costs**. NBOME has the right to recover from the candidate all attorneys' fees and costs incurred by NBOME (or others acting on behalf of the NBOME) to enforce the candidate's obligations under the BOI, to recover damages or other losses from the candidate for violation by the candidate of his or her obligations under the BOI, or to defend any claim made by or for the candidate against NBOME or its employees, officers, directors, or agents.

(12) **Miscellaneous**. The BOI is legally binding upon the candidate, his or her heirs, estate, successors and assigns, and any person or entity acting for the candidate. No provision, term, or condition may be waived by the NBOME without the express written consent of an authorized officer of NBOME. If any provision, term, or condition of the BOI is unenforceable for any reason, the remaining provisions, terms, and conditions shall remain in full force and effect, as if the unenforceable provision did not exist.

*Flamini Dec., ¶ 23.*

Plaintiff could not possibly proceed with the examination without first viewing those Terms and Conditions by clicking on the "View Terms" link, and then accepting those Terms and Conditions by clicking the "Agreed to Terms" button, in order to register to take the COMLEX-USA examinations, as shown on Exhibit B to the Flamini Declaration. *Flamini Dec., ¶¶ 24*, Exhibits B.

These Terms and Conditions, including the Choice of Law and Forum-Selection terms and conditions, are also set out in the BOI, which was and is available online to all candidates at www.nbome.org. *Flamini Dec., ¶ 25.*

As the Plaintiff agreed and acknowledged each time she purchased and registered online to take the COMLEX-USA examinations, "…it is reasonable for the laws of the state of Indiana, the place of incorporation of the NBOME, to be applicable and that any claim, demand or complaint by the candidate against the NBOME, its employees, officers, directors or agents be brought only in a court located in Marion County, Indiana." *Flamini Dec., ¶ 26.*

9

## III. ARGUMENT

### Court Must Transfer All Plaintiff's Claims Against NBOME
### To Federal Court in Indiana per 28 U.S.C. §1404(a)

Even though this Court may have personal jurisdiction of the NBOME, this Court must transfer all Plaintiff's claims against the NBOME to the United States District Court, Southern District of Indiana, per 28 U.S.C. §1404(a) and controlling precedent, including Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, 134 S. Ct. 568 (2013), and Feldman v. Google, Inc., 513 F. Supp. 229, E.D. Pa. 2007 (upholding the enforceability of click-thru agreements, including the *forum selection clause* as here), and the *forum selection clause* which the Plaintiff agreed to, without objection, each time she purchased and registered online to take a COMLEX-USA examinations,.

28 U.S.C. § 1404(a) provides for the transfer of a case to the venue the parties agreed upon by contract. In Atlantic Marine the U.S. Supreme Court held: " … federal courts will enforce valid forum-selection clauses in "all but the most exceptional cases." Id, at 581. Enforcement of a valid forum-selection clause protects the legitimate expectations of the parties and "further[s] the vital interests of the justice system." Id. In the "interest of justice, a valid forum-selection clause should be given controlling weight" in the application of 28 U.S.C. § 1404(a). Id.

In Amazon Produce Network, LLC v. NYK Line, 143 F. Supp. 3d 252, 257 (E.D. Pa. 2015), this District Court properly confirmed the Atlantic Marine Constr. holding of the U.S. Supreme Court:

> … when a forum selection clause is at issue the usual §1404(a) balancing-of-interest analysis does not apply. No weight is to be given to plaintiff's choice of forum or to the parties' private interests or to the original venue choice of law rules … The Court may only consider public interest factors [citing Atl. Marine Const. Co.,] … As the Supreme Court concluded "in all but the most unusual cases …, 'the interest of justice' is served holding the parties to their bargain."
>
> …
>
> Only in "the most unusual cases" does the interest of justice mandate non-enforcement of a forum selection clause. Atl. Marine Constr. Co., 134 S.Ct. at 583. Plaintiff has not met its "burden of showing that public interest factors overwhelmingly disfavor" dispute

resolution in Japan pursuant to Japanese law. See id. The forum selection clauses here are
valid and enforceable.

Id., at 257.

For the reasons discussed below, the *forum selection clause* included in the Terms and
Conditions, which the Plaintiff affirmatively agreed and manifested her agreement each time she clicked
the "Agree to Terms" button, was reasonably communicated to Plaintiff through "View Terms", is
mandatory, covers all of Plaintiff's claims against the NBOME, and therefore is valid and enforceable.

(1.) *Forum selection Clause* is Valid and Enforceable.

Each time Plaintiff purchased and registered online at the NBOME website to take the
COMLEX-USA Level 1 examination, on May 15, 2017, August 11, 2017 and August 24, 20172 (3
times), and again purchased and registered online to take the COMLEX-USA Level 2-CE, on January
30, 2018, October 13, 2018, February 18, 2019, and June 10, 2019 (4 times), she necessarily had to
follow the online protocol shown on the screen shots attached as Exhibit B to the Flamini Declaration.
Plaintiff could not possibly proceed and complete the transaction, purchasing and registration to take the
COMLEX-USA Level 1 or Level 2-CE examinations, unless she clicked on the "Agree to Terms"
button. All the Terms and Conditions of this click-thru agreement were readily available to Plaintiff,
simply by clicking the "View Terms" button, which she was required to do.

Each time Plaintiff clicked "Agree to Terms" she affirmatively agreed that any claim or
complaint by her against NBOME "shall be brought only in a court of competent jurisdiction in Marion
County, Indiana, to the exclusion of all other courts and jurisdictions." Specifically she agreed:

> …that any claim, demand, or complaint whatsoever by or for the candidate against
> NBOME, or any of its employees, officers, directors, or agents, **shall be brought only in
> a court of competent jurisdiction located in Marion County, Indiana, to the
> exclusion of all other courts and jurisdictions.** The candidate acknowledges and agrees
> that NBOME is incorporated as a nonprofit corporation in the state of Indiana, that
> NBOME examinations are administered throughout the United States, that it is
> reasonable for the laws of the state of Indiana, the place of incorporation of the NBOME,
> to be applicable, and that any claim, demand, or complaint by the candidate against the

11

NBOME, its employees, officers, directors, or agents be brought only in a court of competent jurisdiction located in Marion County, Indiana, to the exclusion of all other state laws and jurisdictions. **The candidate expressly agrees and submits to the jurisdiction of courts of competent jurisdiction located in Marion County, Indiana.**…

*See, Flamini Dec.* Exhibit A, Terms and Conditions, para. 9.

Thus Plaintiff readily, knowingly and affirmatively manifested her agreement to all the Terms and Conditions, including the *forum selection clause*, providing that any claim or complaint against NBOME "shall be brought only in a court of competent jurisdiction located in Marion County, Indiana, to the exclusion of all other courts and jurisdictions." *Flamini Dec.*, ¶¶ 19-24[3]

The law regarding the enforceability of clickwrap agreements is clear. "To determine whether a clickwrap agreement is enforceable, courts presented with the issue apply traditional principles of contract law and focus on whether the plaintiffs had reasonable notice of and manifested assent to the clickwrap agreement. … Absent a showing of fraud, failure to read an enforceable clickwrap agreement, as with any binding contract, will not excuse compliance with its terms. Feldman v. Google, Inc., 513 F. Supp. 2d 229 (E.D. Pa 2007). Likewise, the clickwrap agreement and *forum selection clause* is valid and enforceable under Indiana law, which applies here. Indeed, Indiana courts have upheld the validity and enforceability of this same forum-selection clause that was accepted by the Plaintiff here. Jallali v. National Board of Osteopathic Medical. Examiners, Inc., 908 N.E.2d 1168, 1174 (Ind. Ct. App. 2009).

See also Zaltz v. JDATE, 952 F.Supp.2d 439, 450 (E.D.N.Y. July 9, 2013) (a *forum selection clause* is presumed valid if: (1) it was reasonably communicated to the plaintiff; (2) mandatory, rather than permissive; and (3) the claims and parties involved are subject to the clause).[4]

---

[3] The United States District Court, Southern District of Indiana, Indianapolis Division, is located in Marion County, Indiana.

[4] Furthermore, the same *forum selection clause* discussed was also upheld and enforced by the USDC, E.D.NY, in Bahl vs. National Board of Osteopathic Medical Examiners, and the NY Court ordered that all of Plaintiff's claims against NBOME be transferred to U.S.D.C., Southern District of Indiana.

(a) *Forum Selection Clause* Reasonably Communicated to Plaintiff.

First, the *forum selection clause* was reasonably communicated to Plaintiff.  In order for Plaintiff to register for the COMLEX-USA examinations, she was required to register as a candidate via the NBOME online CRS.  In doing so Plaintiff acknowledged and agreed to the Terms and Conditions, which include the *forum selection clause.*  Each time Plaintiff registered to purchase an examination, the process required Plaintiff to again view the Terms and Conditions by clicking on the "View Terms" link and the "Agree to Terms" button before she could proceed with registration and payment of the fee.

It was not possible for the Plaintiff to register and pay the fee for a COMLEX-USA examination without first viewing and agreeing to the Terms and Conditions. *Flamini Dec.*, ¶ 24.

So there can be no doubt that Plaintiff clicked "View Terms," thus could view the Terms and Conditions, and then agreed to those Terms and Conditions before she could proceed with the purchase and registration to take the COMLEX-USA Level 1 and Level 2-CE exams in 2017, 2018 and 2019.

The fact that Plaintiff was required to view and agree to the Terms and Conditions at registration and prior to scheduling each examination, that Plaintiff had to affirmatively click to progress, and that the Terms and Conditions were displayed above the "Agree to Terms" button, establishes undeniably that the *forum selection clause* was reasonably communicated to Plaintiff.

(b) Jurisdiction in Indiana Court Mandatory.

Next, to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language within the *forum selection clause*. Id. at 450.  The clause agreed to by Plaintiff specifies that "any claim, demand or complaint whatsoever by or for the candidate against the NBOME . . . shall be brought only in a court of competent jurisdiction located in Marion County, Indiana, *to the exclusion of all other courts and jurisdictions*." (emphasis added) *Flamini Dec.*, Exhibit A, para. 9.  The *forum selection clause* agreed to by Plaintiff is clearly mandatory and exclusive.

13

(c)  All Plaintiff's Claims Against NBOME Are Covered by *Forum Selection Clause*.

Finally, the *forum selection clause* states that it governs "any claim, demand or complaint whatsoever." Consequently, the mandatory *forum selection clause* reasonably communicated to the Plaintiff by the NBOME covers all of Plaintiff's claims against the NBOME.

(d)  *Forum selection clause* is Fair and Reasonable.

It is not unreasonable for the Plaintiff to litigate his claims against the NBOME in a federal court in Indiana, the forum to which she agreed multiple times.  Indeed, as Justice Alito wrote: "[w]hen parties agree to a forum-selection clause, *they waive the right* to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Atlantic Marine, 134 S. Ct. at 582. Moreover, Indiana is the state in which the NBOME is incorporated as a nonprofit corporation, not Alaska or some out-of-the-way forum.[5]

There is a *reasonable* basis for a court of competent jurisdiction to be the pre-selected forum for any litigation between candidates taking a COMLEX-USA examination and the NBOME. Indeed, it is *reasonable* for the NBOME to require that claims against it that may arise from candidates taking NBOME examinations throughout the United States be litigated in a single forum, with a common body of legal precedent regarding the enforceability of the click-thru agreement.

(e)  *Forum Selection Clause* Valid and Enforceable.

Because the *forum selection clause* in this case was reasonably communicated to the Plaintiff, is mandatory, and covers all claims of Plaintiff against the NBOME, the *forum selection clause* agreed to by Plaintiff is therefore valid and enforceable. See, Jallali v. National Board of Osteopathic Medical. Examiners, Inc., 908 N.E.2d, at 1173-1174. And the fact that Plaintiff's affirmative agreement to the

---

[5] Indeed, the District Court for the Southern District of Indiana is located much closer to Plaintiff's reported home in Huntington, West Virginia (approximately 259 miles) that from this Court in Pennsylvania (approximately 518 miles).

Terms and Conditions is *via* a click-wrap agreement is no less enforceable. Feldman v. Google, Inc.,

*supra*. For all the reasons stated above, the *forum selection clause* agreed to by Plaintiff without

objection each time she registered to take the COMLEX-USA examinations is not unreasonable or

unjust in any way that would render the *forum selection clause* invalid or unenforceable.

      (2.)  § 1404(a) Requires Transfer of All Claims vs NBOME to Federal Court in Indiana.

      Pursuant to NBOME's § 1404(a) motion, based upon the valid and enforceable *forum selection*

*clause*, this Court must transfer all claims against the NBOME to the federal court in the Southern

District of Indiana, unless extraordinary circumstances unrelated to the convenience of the parties

clearly disfavor a transfer, which are not present in this case. Atlantic Marine 134 S. Ct. at 581-584.

      Normally a district court considering a § 1404(a) motion must evaluate both the private interests

of the parties and public-interest considerations. But when the parties' contract contains a valid *forum*

*selection clause*, that clause "represents [their] agreement as to the most proper forum," ... and should be

"given controlling weight in all but the most exceptional cases." "When the parties have agreed to a

valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in

that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a

§ 1404(a) motion be denied." Id.  And no such exceptional factors are present in this case. [6] See also In

re McGraw-Hill Global Education Holdings LLC, 909 F.3d 48, 57-58 (3rd Cir. 2018).

      The presence of a valid *forum selection clause* requires district courts to adjust their usual §

1404(a) analysis in three ways. First, the Plaintiff's choice of forum of this Court merits no weight, and

the Plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer

to the Indiana forum is unwarranted. Second, the Court should not consider the parties' private interests

---

[6] The United States Supreme Court has also said that courts shall enforce forum-selection clauses
"unless extraordinary circumstances *unrelated to the convenience of the parties* clearly disfavors a
transfer." Atlantic Marine, 134 S. Ct. at 574 (emphasis added).

aside from those embodied in the forum-selection clause; it may consider only public interests. Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, as did the Plaintiff here, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. Atlantic Marine 134 S. Ct. at 581-584.

(a) No Weight May Be Given to Plaintiff's Choice of Forum.

In weighing factors relevant to the transfer of claims under 28 U.S.C. § 1404(a), the Court should afford no weight to Plaintiff's personal choice of forum since she contractually agreed to Indiana courts as the *exclusive* jurisdiction.

Because Plaintiff specifically agreed to the Indiana forum, the Court "should not consider arguments about the parties' private interests . . . [because] when parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. The Court should weigh Plaintiff's private interests "entirely in favor of the preselected forum," here "a court of competent jurisdiction in Marion County, Indiana," as provided in the accepted *forum selection clause*.

(b) Private Interests Favor Indiana Forum.

As held in Atlantic Marine, "the court should not consider the parties' private interests aside from those embodied in the forum-selection clause." Id., 134 S. Ct., at 581-584.  Thus, any private interest Plaintiff may have in the venue of this case being in Pennsylvania may not be considered.

On the other hand, the private interest of the NBOME "embodied in the forum-selection clause," *viz.*, "that NBOME examinations are administered in all 50 states of the United States and elsewhere, and that it is reasonable for the laws of the state of Indiana, the place of incorporation of the NBOME, to

be applicable and that any claim, demand or complaint by the candidate against the NBOME, its employees, officers, directors or agents be brought only in a court of competent jurisdiction in Marion County, Indiana," should be considered. *Flamini Dec.*, Exhibit A, para. 9.

Moreover, the desire of the NBOME to have a common body of legal precedents in Indiana is a private interest of the NBOME that would weigh in favor of transfer of Plaintiff's claims against the NBOME to the United States District Court, Southern District of Indiana.

(c)  Plaintiff Has Burden to Establish Transfer to Indiana Court Unwarranted.

"[A]s the party defying the forum-selection clause, the [P]laintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Atlantic Marine, 134 S.Ct. at 581. On the flip side, the NBOME does not have the burden to show that transfer to the federal court in Indiana is warranted based upon the existence of a *forum selection clause*. Id.

Plaintiff cannot overcome her burden to show that the agreed Indiana forum is unreasonable or unwarranted. Indeed, she specifically acknowledged that the Indiana court was reasonable in her acceptance of the forum-selection clause.

NBOME provides the COMLEX-USA examinations to thousands of osteopathic medical students every year, throughout the United States. It is reasonable for the NBOME to require all lawsuits against it be brought in a single forum so it would not have to defend potential lawsuits in every state in the union, which the forum-selection clause is reasonably intended to prevent. The NBOME has good reason to see that the forum-selection clause agreed to by the Plaintiff be enforced.

Also all lawsuits against the NBOME for testing accommodations under the ADA in one forum – "a court of competent jurisdiction in Marion County, Indiana" – will establish a common body of legal precedents applicable to candidates who apply for testing accommodations to the NBOME.

Indeed, it is in the interest of the interstate judicial system for Plaintiff to bring her complaint only in a single forum, in Marion County, Indiana, where a common body of law involving claims against NBOME is and may continue to be developed, and possible venue disputes as here avoided. See, Healy v. Nat'l Bd. of Osteopathic Med. Examiners, Inc., 870 F. Supp. 2d 607, 610 (S.D. Ind. 2012); Jallali v. Nat'l Bd. Of Osteopathic Med. Examiners, Inc., 908 N.E.2d 1168, 1174 (Ind. Ct. App. 2009) (upholding the validity of forum selection agreement).

Moreover, clearly a transfer of all Plaintiff's claims against NBOME would not deny Plaintiff of her day in court.[7] Like others before her, Plaintiff can have her day in court in a court of competent jurisdiction in Marion County, Indiana, which includes the United States District Court, for the Southern District of Indiana. Of course, the District Judges in Indiana are fully competent to consider and adjudge the merits or lack of merits of Plaintiff's claims against the NBOME.

As Plaintiff acknowledged when she registered to the take the COMLEX-USA examinations: "NBOME examinations are administered in all 50 states of the Unites States and elsewhere, and [i]t it is reasonable for the laws of the state of Indiana, the place of incorporation of NBOME, to be applicable and that any claim, demand or complaint be brought only in a court located in Marion County, Indiana." See also, MicroMetl Corp. v. TranzAct Technologies, Inc., No. 1:08CV0321-LJM-WTL, 2008 WL 2356511, at *5 (S.D. Ind. June 5, 2008)  (stating that the *forum selection clause* for a company that conducted business across the United States was legitimate for the purpose of establishing "commonly applicable and centrally available standard principles, but also for a singular venue and body of law to govern any issues that arose under the Contract [and] [t]herefore, the forum-selection clause was not included as a means to discourage potential plaintiffs from filing suits").

---

[7] As Mr. Healy did in Healy, 870 F. Supp. 2d 607, Plaintiff here has every right to file his action in the United States District Court, Southern District of Indiana, Indianapolis Division, and receive a full and fair trial.  Plaintiff agreed to do just that when he registered to take and purchased the COMLEX-USA examinations, thus waiving any objection to any inconvenience he might have to any Indiana lawsuit.

In fact, the enforcement of the *forum selection clause* agreed to by Plaintiff will have the valuable benefit of eliminating venue disputes.

Thus, Plaintiff, the party here defying that *forum selection clause*, cannot show any compelling "public interests" to deny enforcement of the *forum selection clause*. And even if there were any public interest factors, "those factors will rarely defeat a transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases." Atlantic Marine, 134 S. Ct. at 582.

Therefore, Plaintiff cannot carry her "burden of showing that public-interest factors overwhelmingly disfavor a transfer" to the Indiana courts to defeat the clause, as required by 28 U.S.C. § 1404(a). Atlantic Marine, 134 S. Ct. at 583 (emphasis added). Consequently, all Plaintiff's claims against the NBOME must be transferred to the federal court for the Southern District of Indiana.

## V.  CONCLUSION

In accordance with the law laid down by the U.S. Supreme Court in Atlantic Marine and other precedent cited above, and 28 U.S.C. §1404(a), this Court must transfer this action and all Plaintiff's claims against NBOME to the United States District Court, Southern District of Indiana, Indianapolis Division, pursuant to the valid and enforceable *forum selection clause* agreed to by Plaintiff each time she clicked "Agree to Terms."

WHEREFORE, Defendant NBOME respectfully requests that the Court grant NBOME's motion and promptly order that this action transferred to the United States District Court, Southern District of Indiana, Indianapolis Division, pursuant to the valid and enforceable *forum selection clause*, in accordance with 28 U.S.C. §1404(a) and controlling authority, and for all other just and proper relief.

Date:   October 16, 2020

Respectfully Submitted,

/s/ Sydney L Steele
Sydney L Steele, Esq. *Pro Hac Vice* (Ind. Atty. 694-49)
KROGER GARDIS & REGAS, LLP

19

111 Monument Circle, Suite 900
Indianapolis, Indiana 49204
(317) 692-9000; sls@kgrlaw.com

   /s/ Lee C. Durivage
Lee C. Durivage, Esq. (Identification No. 205928)
MARSHALL DENNEHEY WARNER COLEMAN
&GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2584; LCDurivage@MDWCG.com

Attorneys for Defendant,
NATIONAL BOARD OF OSTEOPATHIC
MEDICAL EXAMINERS, INC.

## CERTIFICATION OF SERVICE

I, Sydney L Steele, Esquire, do hereby certify that on October 16, 2020 a true and correct copy of

foregoing Memorandum of Law was served upon the following Plaintiff's counsel via email and by

electronic service through the Court's ECF system:

Charles Weiner, Esquire
**LAW OFFICE OF CHARLES WEINER**
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
charles@charlesweinerlaw.com

Mary C. Vargas, Esquire
**STEIN & VARGAS LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
(240) 793-3185
Mary.Vargas@steinvargas.com

   /s/ Sydney L Steele