**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                          )
SHARMAINE LEWIS,                          )
        Plaintiff,                        )
                                          )
    *vs.*                                 )        Case 2:20-cv-04368-JD
                                          )
NATIONAL BOARD OF OSTEOPATHIC )
MEDICAL EXAMINERS, INC.,                  )
        Defendant                         )
_____   )

**DEFENDANT'S ANSWER WITH ADDITIONAL/AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, National Board of Osteopathic Medical Examiners, Inc. (NBOME), by

and through its undersigned counsel, for its answer and affirmative defenses in response to

Plaintiff's Complaint, says:

1.        "This action challenges the discriminatory denial of appropriate testing
accommodations as requested by Ms. Lewis, on the Comprehensive Osteopathic Medical
Licensing examination, Level 2-Cognitive Evaluation ("COMLEX II CE"), which is
administered by NBOME. The discrimination challenged herein has deprived Ms. Lewis, a
person with disabilities, from taking the COMLEX II CE on a level playing field with her
non-disabled peers. These civil rights violations are ongoing and include discrimination and
failure to provide appropriate accommodations in violation of the ADA. Immediate and
permanent injunctive and declaratory relief are necessary to ensure that Plaintiff is no longer
excluded from, deterred from or otherwise discriminated against in taking the COMLEX II CE as
well as the COMLEX III."[1]

RESPONSE:   Defendant denies the allegations, including without limitation

Plaintiff's claim for injunctive and declaratory relief which must denied because if granted

would likely irreparably harm the public and state licensing boards which rely upon the

Defendant to properly measure or assess the competency of its test-takers to practice

osteopathic medicine and produce valid candidate test results to state licensing boards.

2.        "Defendant, NBOME has failed to provide Plaintiff appropriate testing
accommodations on the COMLEX II CE, which includes extended time (50% or time and a

---

[1] For reference purposes only, Defendant copied and put in "_" Plaintiff's allegation(s) before each of
Defendant's RESPONSE to the preceding Plaintiff's allegation.

half), testing over two days and a distraction reduced test setting. Plaintiff furnished Defendant with extensive documentation on several occasions of her disabilities and need for accommodations. Plaintiff brings this action to enforce her statutory rights to appropriate accommodations and equal educational opportunities under the ADA."

RESPONSE:  Defendant denies the allegations.

3.      "Defendant administers the COMLEX II CE, which is a standardized examination and requirement for osteopathic medical licensure. COMLEX II CE is often required for osteopathic medical school graduation and residency eligibility in the United States. Defendant has the legal, educational and professional responsibility to offer appropriate testing accommodations to individuals with disabilities on the COMLEX II CE. Such accommodations, which are neither expensive nor difficult to provide, allow individuals with learning disabilities and other cognitive impairments, like Plaintiff, to demonstrate their aptitude and skill level."

RESPONSE:  Defendant admits that it provides for candidates to purchase from

Defendant the standardized COMLEX-USA Level 2-CE examination that may be required

for graduation from an osteopathic medical school graduation and residency eligibility in

the United States, and to obtain a medical license, but denies the remaining allegations.

4.      "This action arises under the laws of the United States, specifically the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 *et. seq.* Therefore, this Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. §1331 and 1343. This Court further has supplemental jurisdiction pursuant to 28 U.S.C. §1367."

RESPONSE:  Defendant admits that federal courts have subject matter jurisdiction

based upon a federal question, but otherwise denies the allegations.

5.      "This Court has jurisdiction to issue a declaratory judgment pursuant to 28U.S.C. §2201(a) and further relief pursuant to 28 U.S.C. §2202."

RESPONSE:  Defendant admits federal courts have jurisdiction to issue a

declaratory judgment, but otherwise denies the allegations.

6.      "Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 because NBOME's corporate executive offices are within this District. Furthermore, NBOME is doing business in this judicial district by virtue of administering the COMLEX II, grading certain examinations, transacting business within this district and accordingly has sufficient contacts for personal jurisdiction. Alternatively and cumulatively, venue is proper in this Court pursuant to 28 U.S.C. §1391 in that acts of discrimination have taken place in this district."

RESPONSE:  Defendant denies the allegations. Venue is proper in the United

21

States District Court, Southern District of Indiana, pursuant to the *forum selection clause*

manifestly accepted and agreed to by Plaintiff.

7.      "Ms. Lewis is in her final year of medical school at West Virginia School
of Osteopathic Medicine (WVSOM). She is a resident of and attends medical school in
West Virginia. She is required to take and pass the COMLEX II CE in order to graduate
from WVSOM and receive licensure. Ms. Lewis is a person with disabilities under the
ADA. NBOME has previously and continues to deny Ms. Lewis's requests for appropriate
accommodations on its examinations, including the COMLEX II CE."

RESPONSE:   Defendant denies Plaintiff is a person with disabilities under the

ADA, and otherwise denies Plaintiff the allegations or is without sufficient information to

admit or deny the allegations and therefore denies the allegations.

8.      "NBOME is a non-profit corporation organized under the laws of the State
of Indiana. NBOME has its corporate and executive offices located at 101 West Elm Street,
Conshohocken, Pennsylvania. NBOME administers the COMLEX, a three step
examination, namely COMLEX I, COMLEX II and COMLEX III, the successful
completion of which is required for osteopathic medical licensure in the United States."

RESPONSE:   Defendant admits it is a nonprofit corporation organized and existing

under the of the State of Indiana, it has offices located in Conshohocken, Pennsylvania, it

constructs and provides for osteopathic medical students and graduates the COMLEX-USA

series of examinations, including COMLEX-USA Level 1, COMLEX-USA Level 2-CE

(Cognitive Evaluation), and COMLEX-USA Level 2-PE (Performance Evaluation), and

COMLEX-USA Level 3, that successful completion of these examinations is required by

some state licensing boards for a license to practice osteopathic medicine, but otherwise

denies the allegations.

9.      "NBOME is a private entity that offers examinations related to applications
and credentialing for professional purposes and as such is subject to the non-discrimination
and appropriate accommodations requirements of the ADA."

RESPONSE:   Defendant admits that it is a nonprofit corporation organized and

existing under the laws of the State of Indiana, that it is subject to the requirements of the

Americans with Disabilities Act (ADA), but otherwise denies the allegations.

10.     "The NBOME prepares and administers the COMLEX II CE and COMLEX III throughout the country, including in Pennsylvania and specifically, within the Eastern District of Pennsylvania."

RESPONSE:   Defendant denies the allegations.

11.     "NBOME engages in business in Pennsylvania and in this judicial district and this action arises from those business activities."

RESPONSE:   Defendant admits that it has offices in Conshohocken, Pennsylvania,

but otherwise denies the allegations.

12.     "Ms. Lewis is a student in her final year of medical school. In order for Ms. Lewis to obtain her medical licensure, she is required to pass separate phases of the COMLEX, commonly referred to as COMLEX I, COMLEX II CE, COMLEX II Performance Evaluation (PE) and COMLEX III. Ms. Lewis is preparing to take the COMLEX II CE."

RESPONSE:   Defendant is without sufficient information to admit or deny the

allegations and therefore denies the allegations.

13.     "Ms. Lewis is substantially impaired by a Specific Learning Disorder with impairments in reading. This condition substantially limits the major life activities of reading, thinking, learning, processing and taking timed examination, which are activities necessary to take the COMLEX II CE under standard conditions."

RESPONSE:   Defendant denies the allegations.

14.     "NBOME has despite repeated requests, denied and continues to deny Ms. Lewis, appropriate accommodations including 50% extended time over two days and a distraction reduced setting to take the COMLEX II."

RESPONSE:   Defendant admits that it did not approve Plaintiff's requests for

testing accommodations, but otherwise denies the allegations.

15.     "If Ms. Lewis does not receive necessary accommodations on the COMLEX II CE, her examination results will not reflect her aptitude and achievement level as required by law. Moreover, without the necessary accommodations, Ms. Lewis is at imminent risk of failing the examination due to the inability to complete the examination if given insufficient time to access and answer the questions."

RESPONSE:   Defendant denies the allegations.

16.     "Ms. Lewis's situation is further exacerbated by the fact that WVSOM will expel Ms. Lewis if she does not pass the COMLEX II CE on her next attempt, thereby ending her dreams of becoming a physician."

21

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

17.     "Throughout her education Ms. Lewis has struggled with reading and the speed at which she processes written information."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

18.     "During the course of her education highly qualified professionals have evaluated Ms. Lewis and diagnosed her with a Specific Learning Disorder with impairments in reading."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

19.     "Ms. Lewis's reading impairments substantially limit her in the major life activities of thinking, learning, reading, studying, processing information, and taking timed tests, as compared with most people."

RESPONSE:   Defendant denies the allegations.

20.     "Throughout her primary and secondary education, she struggled with reading and school work. She was always one of the last students to complete tests and often required more time to complete tests and in class assignments. She utilized compensatory strategies, the extra time she was afforded informally, work arounds and extra work to perform in school. Furthermore, she received significant assistance and support from her parents, who were both educators."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

21.     "Ms. Lewis attended college at Tufts University. She chose to major in Anthropology because this major focused on take home essays, papers and projects rather than in class examinations. Moreover, her college major allowed her more time for organization, reading and writing."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

22.     "While pursuing a graduate degree in biomedical science and public health at Tufts University School of Medicine, Ms. Lewis struggled with the workload demands and examination completion. The compensatory techniques, work arounds and extensive studying was no longer sufficient to ameliorate the impact of her reading impairment.

Accordingly, she took a leave of absence in order to gain a further understanding of her learning style and to identify strategies to address the difficulties she encountered in her program."

RESPONSE:   Defendant is without sufficient information to admit or deny the

allegations and therefore denies the allegations.

23.    "In June 2010, Ms. Lewis underwent a comprehensive neuropsychological evaluation at Boston University's Danielsen Institute. The evaluation, which was conducted by highly qualified professionals, reported based on several assessments of cognition and achievement that Ms. Lewis is impaired by a reading disorder and anxiety disorder. The evaluation report presented several recommendations for accommodations and academic programing including 50% extended time for tests for in-class assignments and standardized tests; a quiet distraction reduce room for academic work; use of a tape recorder and/or note taker for classes; work with a reading specialist to learn strategies to improve reading speed; and audio tape text books."

RESPONSE:   Defendant is without sufficient information to admit or deny the

allegations and therefore denies the allegations.

24.    "Boston University's Danielsen Institute reevaluated Ms. Lewis in June 2015. The evaluation, again conducted by highly qualified professionals, identified deficits based on several assessments. Her evaluators diagnosed Ms. Lewis with a Specific Learning Disorder, with impairment in reading (word reading accuracy; reading rate or fluency) and Unspecified Anxiety Disorder."

RESPONSE:   Defendant is without sufficient information to admit or deny the

allegations and therefore denies the allegations.

25.    "The 2015 evaluation report identified several accommodations and strategies Ms. Lewis needs in academic settings. The accommodation needs identified included: 50% extended time due to her processing speed and reading impairments; a quiet and private room for examinations due to anxiety and distractibility; copies of professors' PowerPoint presentations or handouts prior to class to assist in following along during class; textbooks and reading in audio format due to reading deficits; recording lectures due to language processing and working memory problems; use of a note taker due to processing deficits and preferential seating in class."

RESPONSE:   Defendant is without sufficient information to admit or deny the

allegations and therefore denies the allegations.

26.    "Ms. Lewis has been approved for accommodations in various academic settings and on several standardized examinations."

21

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

27.    "Tufts University School of Medicine approved accommodations including 50% extra time for exams and a distraction reduced room for testing during her master's degree program in biomedical science, which were implemented from 2010 through her graduation 2013."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

28.     "In August 2011, Ms. Lewis was approved for accommodations for the Optometry Admission Test (OAT), which is a timed standardized examination administered by the American Dental Association, which included 50% extended time and a separate room."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

29.    "Between April 2006 to August 2012, Ms. Lewis took the MCAT six times without accommodations and received composite scores in a range from the 10th percentile to the 32nd percentile."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

30.    "In 2013 Ms. Lewis applied for accommodations for the MCAT and in a letter dated July 5, 2013 was approved for accommodations including 25% extended time and testing in a separate room."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

31.    "In July 2013, Ms. Lewis took the MCAT with accommodations and scored in the 43rd percentile."

RESPONSE:   Defendant is without sufficient information to admit or deny the allegations and therefore denies the allegations.

32.    "In July 2015, Ms. Lewis commenced her matriculation at WVSOM. WVSOM approved accommodations for her disability, which included 50% extended time and a quiet testing environment, which she receive for her standardized medical school examinations."

21

RESPONSE:   Defendant is without sufficient information to admit or deny the

allegations and therefore denies the allegations.

33.     "Ms. Lewis also received accommodations including 50% extended time
and a quiet test environment for the Comprehensive Osteopathic Medical Achievement Test
(COMAT). The COMATs are medical subject matter examinations that are developed and
scored by NBOME. Ms. Lewis took the following COMATs with accommodations:
pediatrics, family medicine, emergency medicine, surgery, obstetrics and gynecology,
internal medicine, psychiatry, and osteopathic principles and practice."

RESPONSE:   Defendant admits that COMAT examinations are examinations on

medical subject matters provided by Defendant to osteopathic medical schools, but

otherwise is without sufficient information to admit or deny the remaining allegations and

therefore denies those allegations.

34.     "The COMLEX II CE is purportedly designed to assess the osteopathic
medical knowledge and fundamental clinical skills considered essential for osteopathic
generalist physicians to practice osteopathic medicine."

RESPONSE:   Defendant admits that in furtherance of its mission to protect the

public, it develops and provides for osteopathic medical students and graduates a three-level

"Comprehensive Osteopathic Medical Licensing Examination" ("COMLEX-USA"),

including COMLEX-USA Level 2-CE that is accepted by state licensing boards in all fifty

states in the United States, to assure that applicants for medical licensure are competent to

safely practice osteopathic medicine. In constructing its COMLEX-USA examinations,

Defendant employs a rigorous procedure, including establishing the time allotted to test-

takers, to assure that those achieving a passing score are competent to safely practice

osteopathic medicine and worthy of a medical licensure. State licensing boards rely upon

NBOME to properly test osteopathic medical students and graduates to assure that they are

competent to safely practice osteopathic medicine anywhere in the United States. The

COMLEX-USA series of national board examinations, including COMLEX-USA Level 2-

CE (Cognitive Evaluation), are designed to assess the osteopathic medical knowledge,

21

knowledge fluency, and clinical skills considered essential for osteopathic generalist

physicians to practice osteopathic medicine, and each COMLEX-USA examination is

administered in a standardized, time-measured environment. The ability to recall, interpret,

process, and apply clinical knowledge and skills without hesitation and in a fluid manner

("knowledge fluency") is fundamental to a generalist osteopathic physician's competence to

practice osteopathic medicine and therefore is one of the fundamental competencies the

COMLEX-USA examinations assess. Otherwise Defendant denies the allegations.

35.    "The COMLEX II CE examination under standard conditions, consists of
two, four hour computer based test sessions during one day, taken in a secure time
measured environment, containing a total of 400 test questions. The test questions are
predominantly in the single best answer, multiple choice items formats. Some questions involve
audio-visual components."

RESPONSE:   Defendant admits that the COMLEX-USA Level 2-CE examination

is administered under standard conditions, and consists of two, four hour computer based

test sessions during one day, taken in a secure time measured environment, containing a

total of 400 test questions. The test questions are predominantly in the single best answer,

multiple choice items formats. Some questions involve audio-visual components. Otherwise

Defendant denies the allegations.

36.    "Ms. Lewis must pass COMLEX II CE in order to maintain her eligibility
to proceed further in medical school. Furthermore, passing the COMLEX II CE is required
to graduate from WVSOM, to enter into a medical residency program and to take the
COMLEX III examinations. Furthermore, a failed attempt on the COMLEX II CE will
result in Ms. Lewis's termination from WVSOM."

RESPONSE:   Defendant is without sufficient information to admit or deny the

allegations and therefore denies the allegations.

37.    "On or about March 16, 2017, Ms. Lewis submitted an application
requesting accommodations for the COMLEX I. Ms. Lewis requested 50% extended time
and a distraction reduced testing environment."

RESPONSE:   Defendant admits on or about March 16, 2017 Plaintiff submitted an

application requesting 50% extended testing time and a distraction reduced testing

environment for COMLEX-USA Level 1. Otherwise Defendant denies the allegations.

38.     "Annexed to Ms. Lewis's applications was documentation, which supported her request for accommodations, including reports of comprehensive neuropsychological evaluation reports from highly qualified psychologists who individually evaluated her and documentation of prior accommodations."

RESPONSE:   Defendant admits that Plaintiff submitted some documents with her

request for testing accommodations, but otherwise denies the allegations.

39.     "The documentation provided to the NBOME complied with the documentation required by the NBOME for requesting accommodations on the COMLEX."

RESPONSE:   Defendant denies the allegations.

40.     "The documentation demonstrated that Ms. Lewis's evaluators recommended accommodations including extended time and that she was approved for extended time in graduate school, medical school and several standardized examinations."

RESPONSE:   Defendant denies the allegations.

41.     "By letter dated May 15, 2017, NBOME informed Ms. Lewis that her request for accommodations for the COMLEX I was denied and that no accommodations were approved."

RESPONSE:   Defendant admits that by letter dated May 15, 2017, Plaintiff was

informed by Defendant that her request for accommodations for COMLEX-USA Level 1

was not approved, but otherwise denies the allegations.

42.     "Ms. Lewis put forth an extraordinary effort over several months to study for the COMLEX I. She sat for the COMLEX I on September 26, 2017 without the accommodations she needs. Due to Ms. Lewis's disabilities, she was unable to complete a substantial portion of the examination, causing her to guess answers or rush through many of the exam's reading vignettes or questions."

RESPONSE:   Defendant denies the allegations, or is without sufficient information

to admit or deny the allegations and therefore denies those allegations.

43.     "Despite the difficulty Ms. Lewis encountered completing the COMLEX I, she narrowly passed the exam with a score of 427."

RESPONSE:   Defendant admits Plaintiff completed the COMLEX-USA Level 1

and achieved a passing score of 427, but otherwise denies the allegations.

44.     "On November 27, 2018, after an extraordinary effort over a several month period to study, Ms. Lewis sat for the COMLEX II CE without accommodations."

RESPONSE:   Defendant admits on November 27, 2018 that Plaintiff took the

COMLEX-USA Level 2-CE examination without accommodations but otherwise denies the

allegations.

45.     "The COMLEX II CE requires students to read lengthy passages, often referred to as "vignettes," which are longer and more complex that the reading passages on the COMLEX I, MCAT, SAT and ACT examinations."

RESPONSE:   Defendant denies the allegations.

46.     "Consequently, Ms. Lewis did not pass the November 27, 2018 administration of the COMLEX II CE, receiving a score of 344 with a passing score set at 400."

RESPONSE:   Defendant admits Plaintiff did not pass the November 27, 2018

administration of the COMLEX-USA Level 2-CE examination, produced a score 344, and

that a passing score was 400, but otherwise denies the allegations.

47.     "In January 2019, Ms. Lewis submitted an application requesting accommodations for the COMLEX II CE. Ms. Lewis requested 50% extended time and a distraction reduced testing environment. Ms. Lewis's request included additional documentation supporting her application for accommodations."

RESPONSE:   Defendant admits that in January 2019 Plaintiff submitted a request

for accommodations for the COMLEX-USA Level 2-CE, including a request for 50%

extended testing time and a distraction reduced testing environment, and submitted

additional documentation, but otherwise denies the allegations.

48.     "By letter dated March 27, 2019, NBOME informed Ms. Lewis that her request for accommodations for the COMLEX II CE was denied and that no accommodations were approved."

RESPONSE:   Defendant admits that by letter dated March 27, 2019 Defendant

informed Plaintiff that her request for accommodations was not approved, but otherwise

denies the allegations.

49.     "On April 8, 2019, after an extraordinary effort over a several month period to study, Ms. Lewis sat for the COMLEX II CE a second time without accommodations."

RESPONSE:   Defendant admits that on April 8, 2019 Plaintiff took the COMLEX-USA Level 2-CE examination without accommodations, but otherwise denies the allegations.

50.     "Consequently, Ms. Lewis did not pass the COMLEX II CE for the second time, receiving a score of 377 with a passing score set at 400."

RESPONSE:   Defendant admits Plaintiff did not pass the COMLEX-USA Level 2-CE, produced a score of 377, a passing score was 400, but otherwise denies the allegations.

51.     "On June 25, 2019, after an extraordinary effort over a six week period to study, Ms. Lewis sat for the COMLEX II CE a third time without accommodations."

RESPONSE:   Defendant admits that on June 25, 2019 took the COMLEX-USA Level 2-CE without accommodations, but otherwise denies the allegations.

52.     "Consequently, Ms. Lewis did not pass the COMLEX II CE for the third time, receiving a score of 349 with a passing score set at 400."

RESPONSE:   Defendant admits that Plaintiff did not pass the COMLEX-Level 2-CE examination she took on June 25, 2019, produced a score of 349, that a passing score was 400, but otherwise denies the allegations.

53.     "Ms. Lewis's former counsel submitted a letter dated October 7, 2019. Counsel's letter requested a review and reconsideration of NBOME's decision denying accommodations. Counsel's letter summarized Ms. Lewis's history of prior evaluations and use of accommodations; summarized the legal standards set forth in the ADA; and requested that NBOME provide Ms. Lewis the requested accommodations."

RESPONSE:   Defendant admits it received a letter dated October 7, 2019 from an attorney purporting to be Plaintiff's counsel, that the letter speaks for itself, but otherwise denies the allegations.

54.     "By letter dated October 16, 2019, NBOME maintained its denial of accommodations."

RESPONSE:   Defendant admits that by its counsel's letter dated October 16, 2019

21

Defendant responded to Plaintiff's counsel's letter, that the October 16, 2019 letter from

Defendant speaks for itself, but otherwise denies the allegations.

55.     "Ms. Lewis's former attorney by letter dated November 6, 2019 responded to NBOME's October 16, 2019 letter. Counsel's letter responded to the purported reasons provided for NBOME's denial and further summarized the legal standards set forth in the ADA."

RESPONSE:   Defendant admits it received a letter dated November 6, 2019 from

an attorney purporting to be Plaintiff's counsel, that the letter speaks for itself, but

otherwise denies the allegations.

56.     "By letter dated November 14, 2019, NBOME maintained its denial."

RESPONSE:   Defendant admits that by its counsel's letter dated November 14,

2019 Defendant responded to Plaintiff's counsel's letter, that the November 14, 2019 letter

from Defendant speaks for itself, but otherwise denies the allegations.

57.     "Charles Weiner, Esquire, the undersigned counsel for Ms. Lewis, submitted a letter to NBOME's general counsel dated February 24, 2020. Counsel's letter requested a review of NBOME's decision. Counsel's letter identified express provisions of the ADA, decisional law and NBOME's internal policies with which the denial was at a variance and requested that NBOME approve the requested accommodations."

RESPONSE:   Defendant admits its general counsel received a letter dated February

24, 2020 from an attorney purporting to be Plaintiff's counsel, that the letter speaks for

itself, but otherwise denies the allegations.

58.     "By letter dated March 4, 2020, NBOME maintained its denial, thereby ignoring the provisions of the ADA, decisional law, and its own internal operating procedures."

RESPONSE:   Defendant admits that by its general counsel's letter dated March 4,

2020 Defendant responded to Plaintiff's counsel's letter, that the March 4, 2020 letter from

Defendant speaks for itself, but otherwise denies the allegations.

59.     "Over the course of Ms. Lewis's multiples requests for accommodations and requests for reconsideration, she submitted the following documentation supporting her request for accommodations:

a. NBOME Request for Test Accommodations Application.
b. Sharmaine Lewis – Personal Statement.
c. Boston University Danielsen Institute – Neuropsychological Evaluation Report – June 2010.
d. Boston University Danielsen Institute – Neuropsychological Evaluation Report – June 2015.
e. Robert Pepper, D.O. Dean of WVSOM- Verification – documenting approval of 50% extended time and a quiet testing environment.
f. AAMC – July 5, 2013 letter – approving 25% extended time and testing in a separate room.
g. Cora S. Lapuz-Adrovel, BSE, Supervisor, Test Center Services, American Dental Association – August 10, 2011 e-mail – documenting approval of 50% extended time and a separate room for the Optometry Admission Test (OAT).
h. Tufts University School of Medicine – November 26, 2019 letter – documenting approval of accommodations including 50% extended time distraction reduced testing.
i. Jamaica High School, New York – transcript.
j. College Board SAT score reports, June 1999, December 1999, January 2000.
k. College Board AP exam score reports – June 28, 2000
l. ACT Score Report – February 2000.
m. Nicolae Dumitrascu, Ph.D. – September 20, 2019 letter to NBOME.
n. NBOME's Policy #2847 (effective December 12, 2015), which provides that NBOME shall consider that a person has a disability under the ADA if that person was determined by the AAMC to be a person with a disability."

RESPONSE:   Defendant admits that Plaintiff submitted documents to Defendant with her requests for testing accommodations, that some of the listed items describe documents that were provided to Defendant, but otherwise denies the allegations.

60.      "The documentation furnished to the NBOME provided current and historical evaluations, which established that Ms. Lewis has a well-documented history of learning disabilities that impact her reading, learning, reading fluency, and thinking at the same rate, condition and manner as most people. Moreover, the foregoing documentation provided proof that Ms. Lewis previously received and currently receives accommodations including extended time in school and on several standardized examinations."

RESPONSE:   Defendant denies the allegations.

61.      "In particular, the neuropsychological evaluations found the following on normed assessments:

a. Wechsler Adult Intelligence Scale – 4th Ed (WAIS-IV) – Processing Speed Index – 10th percentile (2010).
b. Woodcock Johnson Test of Cognitive Abilities and Achievement –

21

3rd Ed (WJ-III) – Cognitive Efficiency – 24th percentile (2010).
c.   WJ-III – Phonemic Awareness – 2nd percentile (2010).
d.   WJ-III – Visual and Auditory Learning – 2nd percentile (2010).
e.   WJ-III – Sound Blending – 5th percentile (2010).
f.   WJ-III – Broad Reading – 2nd percentile (2010)
g.   WJ-III – Letter Word Identification – 27th percentile (2010
h.   WJ-III – Reading Fluency – 1st percentile (2010)
i.   Woodcock Johnson Test of Achievement – 4th Ed. (WJ-IV) –
     Reading Fluency – 15th Percentile (2015)
j.   WJ-IV – Broad Reading – 24th percentile (2015)
k.   WJ-IV – Academic Fluency – 15th percentile (2015)."

RESPONSE:   If and to the extent the evaluations are accurate, the reports speak for

themselves, otherwise Defendant denies the allegations.

62.   "In spite of never having met Ms. Lewis, never having tested her or never having evaluated her, NBOME ignored highly qualified professionals who observed and evaluated Ms. Lewis on several occasions over several years and her history of receiving extended time in school and on other standardized examinations, in clear violation of 28 C.F.R. part 36."

RESPONSE:   Defendant denies the allegations.

63.   "The requested accommodations are necessary to appropriately accommodate the condition and manner of Ms. Lewis's limitations. Without these accommodations Ms. Lewis will be unable to demonstrate her actual knowledge, skills and abilities on the COMLEX II CE and COMLEX III."

RESPONSE:   Defendant denies the allegations.

64.   "Ms. Lewis has an indisputable disability that substantially limits her major life activities of thinking, learning, reading, concentrating, studying, processing information and taking standardized examinations in the same condition and manner as most people. Under the ADA, Ms. Lewis has right to accommodations that best ensures an equal opportunity to demonstrate her skill and knowledge. The NBOME's refusal to provide the requested appropriate accommodations is a violation of Ms. Lewis's rights under the ADA."

RESPONSE:   Defendant denies the allegations.

65.   "As a direct and proximate result of NBOME's violation of the ADA, Ms. Lewis will be unable to complete her medical school education in the same manner as her classmates if she does not successfully complete the COMLEX II CE. Moreover, she will and has been placed at a distinct disadvantage of competing for quality residency positions if she must take the examination without appropriate accommodations for her disability. She will be and has been irreparably harmed because she has a clear risk of failing the COMLEX II CE a fourth time, which will result in her termination from medical school without earning her degree. Moreover, she will be prevented from competing on a level

playing field with other students in medical school."

RESPONSE:   Defendant denies the allegations.

66.     "Because Ms. Lewis failed the COMLEX II CE three times due to being denied necessary accommodations, Ms. Lewis has been unable to obtain a residency placement and obtain her medical degree."

RESPONSE:   Defendant admits that Plaintiff failed three times to pass the

COMLEX-USA Level 2-CE examination, but otherwise denies the allegations.

67.     "Ms. Lewis has accrued significant loan debt to fund her medical school education. She anticipated being able to pay back those loans with the earnings from her residency and eventual medical practice. As a proximate result of NBOME's discriminatory conduct, Ms. Lewis's loan obligations have caused further financial loss."

RESPONSE:   Defendant denies any discriminatory conduct by it, but otherwise is

without sufficient information to admit or deny the allegations and therefore denies the

allegations.

68.     "Ms. Lewis requires the requested accommodations on the COMLEX II CE and COMLEX III examination not to gain an advantage, but to attempt to level the playing field because her functional limitations impact her ability to take these examinations in a way that non-disabled test takers do not experience."

RESPONSE:   Defendant denies the allegations.

69.     "Ms. Lewis through counsel has notified NBOME of its violation of the ADA and requested that it remedy this matter by providing the requested accommodations. NBOME has refused to correct its violations and failed to provide appropriate accommodations."

RESPONSE:   Defendant denies any violation of ADA, and denies all allegations in

any of the foregoing paragraphs to the extent not specifically admitted by Defendant.

*Plaintiff's Count I*

70.     "Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein."

RESPONSE:   Defendant incorporates by reference its responses to all the foregoing

paragraphs as if fully set forth herein.

71.     "Plaintiff is an individual with disabilities within the meaning of the ADA,

42 U.S.C. §12101 et. seq. Plaintiff is a qualified individual within the meaning of the ADA in that she will meet and has met all the eligibility criteria for taking the COMLEX II CE."

     RESPONSE:   Defendant denies the allegations.

     72.    "Plaintiff requires appropriate accommodations to participate in a fair, full, and equal basis on the COMLEX examinations."

     RESPONSE:   Defendant denies the allegations.

     73.    "The accommodations that Plaintiff requests, namely 50% extended time over two days and a quiet test environment, would not impose a fundamental alteration to the skill or knowledge being assessed."

     RESPONSE:   Defendant denies the allegations.

     74.    "The NBOME has previously approved other students with disabilities for 50% extended time over two days of testing and a quiet test environment."

     RESPONSE:   Defendant admits that when appropriate it has previously approved some accommodations for other candidates, but otherwise denies the allegations.

     75.    "The accommodations Plaintiff requests, attempt to level the field and allow her aptitude and abilities to be fairly and accurately measured."

     RESPONSE:   Defendant denies the allegations.

     76.    "Defendant administers the COMLEX examinations, which are examinations related to applications and credentialing for postsecondary education, professional, and trade purposes, within the meaning of the ADA, 42 U.S.C. § 12189."

     RESPONSE:   This allegation of law which does not require a response. Otherwise Defendant denies that it administers the COMLEX-USA Level 1 and Level 2-CE computer based examinations.

     77.    "The ADA, 42 U.S.C. §12189, requires Defendant to offer these examinations in a manner accessible to persons with disabilities."

     RESPONSE:   No response is required to this allegation of law; 42 U.S.C. §12189 speaks for itself.

     78.    "Title III of the ADA, which is enforced by the U.S. Department of Justice (DOJ), states in pertinent part, "It is discriminatory to fail to make reasonable modifications to policies, practices, and procedures when necessary to provide goods and services to a person with a disability." 42 U.S.C. §12182(b)(2)(A)(ii)."

RESPONSE:   No response is required to this allegation of law; 42 U.S.C.

§12182(b)(2)(A)(ii) speaks for itself. Otherwise Defendant denies the allegations.

79.     "The DOJ regulations mandate that a private entity offering examinations modify its examinations as necessary to ensure full and equal access to persons with disabilities, including through the provision of extra time to permit completion. 28 C.F.R. §§ 36.309(b) & (c)."

RESPONSE:   No response is required to this allegation of law; 28 C.F.R. §§

36.309(b) & (c) speaks for itself. Otherwise Defendant denies the allegations.

80.     "The DOJ Regulations prohibit Defendant from administering the COMLEX examinations without ensuring that the scores reported "accurately reflect the applicant's aptitude or achievement level or whatever other factor the test purports to measure, rather than reflecting the applicant's [disability]." 28 C.F.R. § 36.309(b)(1)(i)."

RESPONSE:   No response is required to this allegation of law; 28 C.F.R. §

36.309(b)(1)(i) speaks for itself. If a response is required Defendant admits that it ensures the

scores it reports accurately reflect the test-takers' aptitude or achievement level of the

knowledge and skills Defendant intends to measure, but otherwise denies the allegations.

81.     "The DOJ Regulations require that when considering requests for modifications, accommodations, or auxiliary aids or services, the entity gives considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations, as well as such modifications, accommodations, or related aids and services provided in response to an education plan describing services. 28 C.F.R. §36.309(b)(1)(v)."

RESPONSE:   No response is required to this allegation of law; 28 C.F.R.

§36.309(b)(1)(v) speaks for itself. Otherwise Defendant denies the allegations.

82.     "The DOJ's ADA Guidance further provide, "[r]eports from experts who have personal familiarity with the candidates should take precedence over those from, for example, reviewers for testing agencies, who have never personally met the candidate or conducted the requisite assessments for diagnosis and treatment." 28 C.F.R. pt. 36, app. A, at 796.""

RESPONSE:   No response is required; DOJ "Guidelines" speaks for themselves.

Moreover, "Guidelines" are only that, "guidelines" and not the law or binding. Otherwise

Defendant denies the allegations.

83.     "The DOJ's regulations require: "any request for documentation ...is reasonable and limited to the need for the modification, accommodations, or auxiliary aid or service requested."

RESPONSE:   No response is required; DOJ regulations speak for themselves.

Otherwise Defendant denies the allegations.

84.     "Defendant has discriminated, and continues to discriminate against Plaintiff on the basis of her disability by denying her an equal opportunity to demonstrate her aptitude and achievement level on the COMLEX examinations in violation of the ADA, specifically 42 U.S.C. §12182, §12189 and 28 C.F.R. §36.309."

RESPONSE:   Defendant denies the allegations.

85.     "Defendant's discriminatory policies and practices violate Plaintiff's rights under the ADA and the regulations promulgated thereunder. Defendant's discriminatory policies and practices include but are not limited to:

a.      Failure to grant accommodations when Plaintiff submitted the requisite documentation and provided documentation of a history of comparable accommodations on standardized examinations and other academic examinations.

b.      Failure to give considerable weight to Plaintiff's evaluators.

c.      Failure to provide a clear explanation for denial.

d.      Failure to engage in good faith in the interactive process to consider and implement effective accommodations to Plaintiff's disability.

e.      Failure to give considerable weight to Plaintiff's prior approval and use of accommodations in school and on standardized examinations.

f.      Failure to consider Plaintiff's request for accommodations without regard to the ameliorative effects of mitigating measures.

g.      Failure to conduct a proper review and apply appropriate legal standards to Plaintiff's request for appropriate accommodations.

h.      Failure to implement and follow NBOME's policies relating to ADA compliance.

i.      Placing an extreme burden of proof, beyond what is required by the ADA, to establish Plaintiff's disability or need for accommodations.

21

j.      Making unreasonable requests for documentation or requiring documentation that is not relevant to Plaintiff's need for the requested accommodation.

k.      Implementing policies and procedures, which are designed to result in denials of accommodations to people with disabilities."

RESPONSE:   Defendant denies the allegations.

86.      "Plaintiff will be irreparably harmed if the NBOME continues its unlawful refusal to provide her the appropriate test accommodations as requested and unless this Court grants injunctive relief prohibiting the continued violation of Plaintiff's ADA rights and compelling the NBOME to provide the requested accommodation, in that:

a.      Plaintiff's will be terminated from medical school if she fails another attempt at the COMLEX II CE.

b.      Given her documented need for the accommodations requested and the known impact of the absence of those accommodations on prior examinations, Plaintiff cannot pass the COMLEX II CE and COMLEX III without the additional extra time accommodation to which she is entitled under the ADA.

c.      Plaintiff's opportunity to engage in her career of choice is effectively on hold until the NBOME is compelled to comply with the ADA.

d.      Plaintiff will be unable to continue the same pace of her medical school career as her peers if she is unable to pass the COMLEX II CE at this time;

e.      Requiring Plaintiff to take the COMLEX II CE and COMLEX III without the extended time accommodation puts her at a distinct disadvantage given her disability;

f.      Reduced performance on the COMLEX II CE as a result of not receiving her requested accommodations, significantly reduces Plaintiff's future residency and professional career options."

RESPONSE:   Defendant denies the allegations.

87.      "NBOME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief."

RESPONSE:   Defendant denies the allegations.

88.      "The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are

21

treated fairly and provided with opportunities equal to those persons in the community without disabilities. The public interest will not be served by allowing the NBOME to continue its unlawful refusal to provide Plaintiff with the ADA accommodations to which she is justly entitled."

RESPONSE:   Defendant denies the allegations.

89.     "As a result of the NBOME's violation of the ADA, Plaintiff has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish."

RESPONSE:   Defendant denies the allegations.

90.     "Even in the event that NBME grants testing accommodations to Ms. Lewis due to this law suit, absent expungement of failed COMLEX II CE exams and/or official acknowledgement of discrimination, Ms. Lewis must disclose and struggle to explain her past failures of the COMLEX II CE during her application process for residency programs and future employment searches, despite such failures being the result of discriminatory testing conditions and policies."

RESPONSE:   Defendant denies the allegations.

91.     "NBOME's conduct constitutes an ongoing and continuous violation of the ADA. Unless enjoined from doing so, Defendant will continue to violate said law. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief under the ADA, 42 U.S.C. §12188."

RESPONSE:   Defendant denies the allegations.

*Plaintiff's Count II (ADA)*

92.     "Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein."

RESPONSE:   Defendant incorporates by references its responses to all the

foregoing paragraphs as if fully set forth herein.

93.     "A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties. Plaintiff contends that Defendant violated and continues to violate her rights under the ADA as amended, 42 U.S.C. §12101, *et seq*. Based upon information and belief, Defendant denies these allegations, thus declaratory relief is therefore necessary and appropriate."

RESPONSE:   Defendant admits that a controversy exists between Plaintiff and

Defendant, but otherwise denies the allegations.

94.    "Plaintiff seeks a judicial declaration of the rights and duties of the respective parties accordingly."

RESPONSE:   No response is required, otherwise Defendant denies the allegations.

*Plaintiff's Count II (Contract)*

95.    "Plaintiff incorporates by reference the foregoing paragraphs as if set forth fully herein."

RESPONSE:   Defendant incorporates by reference its responses to all the foregoing paragraphs as if fully set forth herein.

96.    "A present and actual controversy exists between Plaintiff and Defendant concerning their rights and respective duties."

RESPONSE:   Defendant admits that a controversy exists between Plaintiff and Defendant, but otherwise denies the allegation.

97.    "Based on information and belief, Defendant asserts that a contract exists as set forth in the COMLEX – USA Bulletin of Information that purportedly creates contractual obligations with respect to jurisdiction, venue and choice of law for an ADA discrimination action as set forth herein. Plaintiff contends that no valid contract exists. Alternatively and in addition, any agreement, which may exist, is not applicable to the herein action and that plaintiff is not in breach an alleged contract."

RESPONSE:   Plaintiff is legally bound by the choice of law and *forum selection clause* and other terms set forth in Terms and Conditions agreed to each time she purchased online and scheduled to take the COMLEX-USA Level 1 and Level 2-CE examinations (and also set out in the COMLEX-USA Bulletin of Information), for the reasons set forth in Defendant's pending Motion to Transfer and supporting Memorandum of Law with Declaration of Joseph Flamini and Exhibits A and B, filed October 16, 2020 (Dkt. 9) and incorporated herein by reference, the same as if fully set herein. Defendant denies Plaintiff's allegations to the extent they conflict with Plaintiff's obligations to Defendant per the Terms and Conditions she knowingly and affirmatively manifested her consent.

98.    "Plaintiff seeks a judicial declaration of the rights and duties of the respective parties accordingly."

RESPONSE:   No response is required, otherwise Defendant denies the allegations.

*Additional/Affirmative Defenses*

1.      The COMLEX-USA series of national board examinations, including COMLEX-USA Level 2-CE (Cognitive Evaluation), are intended to assess the candidate's osteopathic medical knowledge, knowledge fluency, and clinical skills considered essential for osteopathic generalist physicians to practice osteopathic medicine, and are administered in a standardized, time-measured environment.

2.      The ability to recall, interpret, process, and apply clinical knowledge and skills without hesitation and in a fluid manner ("knowledge fluency") is fundamental to a generalist osteopathic physician's competence to practice osteopathic medicine and therefore is one of the fundamental competencies the COMLEX-USA examinations assess.

3.      Plaintiff's request for accommodations in this action, if granted, would fundamentally alter the nature of what the COMLEX-USA series of examinations are intended to measure or assess and therefore are not mandated by the ADA.

WHEREFORE, Defendant prays that this action and all claims against Defendant be dismissed or transferred to the U.S. District Court, Southern District of Indiana, Indianapolis Division, that Plaintiff's request for injunctive and declaratory relief be denied, for judgment in favor of Defendant and against Plaintiff, that Plaintiff take nothing by her Complaint, for Defendant's attorneys' fees and costs, and for all other just and proper relief.

Date:   October 19, 2020

  /s/ Sydney L Steele                              
Sydney L Steele, *Pro Hac Vice* (Ind. Atty. 694-49)
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317) 692-9000; sls@kgrlaw.com

  /s/ Lee C. Durivage
Lee C. Durivage, Esq. (Identification No. 205928)
MARSHALL DENNEHEY WARNER COLEMAN
&GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2584; LCDurivage@MDWCG.com

Attorneys for Defendant,
NATIONAL BOARD OF OSTEOPATHIC
MEDICAL EXAMINERS, INC.


**CERTIFICATION OF SERVICE**

I, Sydney L Steele, do hereby certify that on October 19, 2020 a true and correct

copy of foregoing Defendant's Response to Complaint was served upon the following

Plaintiff's counsel via email and electronic service through the Court's ECF system:

Charles Weiner, Esquire
**LAW OFFICE OF CHARLES WEINER**
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
charles@charlesweinerlaw.com

Mary C. Vargas, Esquire
**STEIN & VARGAS LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
(240) 793-3185
Mary.Vargas@steinvargas.com


  /s/ Sydney L Steele