EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AJAY BAHL,<br><br>Plaintiff,<br><br>-against-<br><br>NEW YORK COLLEGE OF OSTEOPATHIC MEDICINE OF NEW YORK INSTITUTE OF TECHNOLOGY ("NYCOM-NYIT" or "NYCOM"); THE NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINERS ("NBOME"); and NORTH SHORE LONG ISLAND JEWISH PLAINVIEW HOSPITAL ("NS-LIJ"),<br><br>Defendants. | Case No.: 14-cv-4020 (LDW)(SIL)<br><br>**DECLARATION OF**<br><br>**JOSEPH FLAMINI** |

I, Joseph Flamini, based upon my personal knowledge and the regularly kept records of defendant National Board of Osteopathic Medical Examiners, Inc., an Indiana nonprofit corporation ("NBOME"), hereby declare as follows:

1.     I am the Vice-President and Chief Operating Officer of the NBOME.

2.     The NBOME is a non-profit corporation organized and existing under the laws of the State of Indiana.

3.     The NBOME's Corporate Offices are located at 8765 W. Higgins Road, Chicago, Illinois. Its Executive Offices are located at 101 West Elm Street, Conshohocken, Pennsylvania. The NBOME has no office, employee, bank account or real estate or other property located in New York.

4.     The mission of the NBOME "is to protect the public by providing the means to assess competencies of osteopathic medicine and related health care professions."

5.      In furtherance of its mission, the NBOME develops, provides and scores a three-level "Comprehensive Osteopathic Medical Licensing Examination" ("COMLEX-USA") that is accepted by state licensing boards in all fifty states in the United States for licensure of osteopathic physicians. However, the NBOME does not issue or grant medical licenses to practice osteopathic medicine. That is the sole prerogative of state licensing boards.

6.      The COMLEX-USA examinations include the COMLEX-USA Level 1, COMLEX-USA Level 2-CE (Cognitive Evaluation), COMLEX-USA Level 2-PE (Performance Evaluation), and COMLEX-USA Level 3 examinations (which is not at issue in this litigation). Those examinations are more fully described at pages 7-12 of the NBOME's published Bulletin of Information ("BOI"), available online at www.nbome.org. A copy of the current BOI is attached hereto as Exhibit A.

7.      The NBOME does not have contracts with the State of New York, the New York Board of Osteopathic Medicine, the New York State Board of Regents, or the Commissioner of the New York State Department of Education, to provide or administer any COMLEX-USA examination. The NBOME is independent of these state agencies.

8.      The NBOME also does not have a contract with and is independent of the defendant New York Institute of Technology or the NYIT College of Osteopathic Medicine (which is sued in this case as the "New York College of Osteopathic Medicine of New York Institute of Technology") to provide or administer any COMLEX-USA examination.

9.      The NBOME does not receive federal funds or assistance for any purpose.

10.     The NBOME administers the COMLEX-USA Level 2-PE examination only in Conshohocken, Pennsylvania. The COMLEX-USA Level 2-PE is not administered in New York.

Plaintiff registered and paid the fee for the COMLEX-USA Level 2-PE examination online at the NBOME website.

11.     All candidates intending to take a COMLEX-USA examination must use the online access system at www.nbome.org to register and pay for the examination, through the NBOME's Client Registration System ("CRS").

12.     The NBOME COMLEX-USA Level 1, COMLEX-USA Level 2-CE and COMLEX-USA Level 3 examinations are computer based. The NBOME does not administer those examinations. Instead, the NBOME has since about October 2004 contracted with Prometric Inc., originally a division of Thompson Learning, Inc., ("Prometric"), an independent vendor, to administer those computer based examinations.

13.     Prometric's principal office is located in Baltimore, Maryland. Prometric administers the COMLEX-USA computer based examinations to candidates at over 320 Prometric testing sites throughout the United States. Those testing sites are used for testing examinees of its other clients, not just for administration of the COMLEX-USA examinations.

14.     Prometric has no discretion or authority to act for or on behalf of NBOME in regards to whether a candidate is qualified to take a COMLEX-USA examination, or is entitled to special testing accommodations.

15.     Candidates who take the COMLEX-USA Level 1, COMLEX-USA Level 2-CE, and COMLEX-USA Level 3 computer based examinations register and pay the registration fee online at the NBOME website, and then the candidate is directed to Prometric's website to select the testing site of the candidate's choice and schedule the examination. The NBOME does not choose a candidate's testing site for any of its computer based examinations.

16. Plaintiff selected all testing sites for the COMLEX-USA Level 1 and COMLEX-USA Level 2-CE examinations taken by him. The NBOME did not select for Plaintiff any testing site in New York or require Plaintiff to take any examination in New York.

17. After a candidate registers to take a computer based COMLEX-USA examination and choses a testing site and schedules a testing date, the NBOME electronically sends the appropriate COMLEX-USA examination to Prometric at its Baltimore office. Prometric in turn forwards the examination to the testing site selected by the candidate for administration by Prometric.

18. After Prometric administers a COMLEX-USA examination to a candidate at the candidate's chosen testing site, Prometric electronically sends the completed examination to NBOME's corporate offices in Chicago, Illinois for scoring.

19. The COMLEX-USA Level 1 and COMLEX-USA Level 2-CE examinations taken by the Plaintiff were all scored by the NBOME at its corporate offices in Chicago, Illinois. None of Plaintiff's COMLEX-USA examinations were scored in New York.

20. Candidate requests for special testing accommodations for any COMLEX-USA examination are all submitted to the NBOME to its corporate offices at 8765 W. Higgins Road, Chicago, Illinois, and then made available electronically to the NBOME's Test Accommodation Committee ("TAC") for its review and decision.

21. The TAC consists of qualified osteopathic physicians from different disciplines, who volunteer their time to consider and act upon requests for testing accommodation. The members of TAC are located throughout the United States. No member of TAC is now or was a resident of New York when Plaintiff submitted his request for test accommodations.

4

22.     In May 2013, Plaintiff submitted to NBOME at its Chicago, Illinois corporate offices a request for testing accommodations in connection with the COMLEX-USA Level 2-CE examination. Plaintiff's request for testing accommodations was considered and not approved by TAC in a teleconference of TAC members held June 26, 2013. TAC's consideration of Plaintiff's application and NBOME's decision to not approve Plaintiff's request for testing accommodation did not occur and was not made in New York. Plaintiff was informed of the NBOME's decision by letter sent to him from NBOME's Chicago office.

23.     In late June 2013, Plaintiff submitted to NBOME at its Chicago, Illinois corporate offices a request for testing accommodations in connection with the SOAP note portion of the COMLEX-USA Level 2-PE examination, based on the same documentation he submitted with his application for accommodations for the COMLEX-USA Level 2-CE examination. Plaintiff's request for accommodations for the SOAP note portion of the COMLEX-USA Level 2-PE examination (documentation and synthesis of clinical findings after a standardized patient encounter), was considered and not approved by TAC in a teleconference held August 28, 2013. TAC's consideration of Plaintiff's application and NBOME's decision to not approve his request for accommodation in connection with the SOAP note portion of the COMLEX-USA Level 2-PE examination did not occur and was not made in New York. Plaintiff was informed of the NBOME's decision not to approve his request for special accommodations for the SOAP note portion of the examination, by letter sent to Plaintiff from NBOME's Chicago office.

24.     None of Plaintiff's requests for testing accommodations were considered in or acted upon in New York. The COMLEX-USA Level 2-PE examinations taken by Plaintiff were administered by the NBOME in Conshohocken, Pennsylvania, not in New York. The COMLEX-

5

USA Level 2-CE examination taken by Plaintiff was administered to him by Prometric, not by NBOME, and all testing sites were selected by the Plaintiff, not the NBOME.

25.     When Plaintiff registered online at the NBOME website for the COMLEX-USA Level 2-CE on December 17, 2012, and again on September 9, 2013, and registered for the COMLEX-USA Level 2-PE examination on December 26, 2012, April 19, 2013 and again on September 5, 2013, he agreed that any claim by him relating to any NBOME examination "will be determined under the laws of the State of Indiana," and that any claim or complaint by him against the NBOME "shall be brought only in a court of competent jurisdiction in Marion County, Indiana, to the exclusion of all other courts and jurisdictions."

26.     Specifically, when Plaintiff clicked on the "View Terms" button and then the "Agree to Terms" button he agreed to the displayed Terms and Conditions, including his following acknowledgements and agreements:

> (1) Bulletin of Information. Candidate acknowledges that he or she has read or had the opportunity to read the most recently published Bulletin of Information of the NBOME ("BOI"), which is available online at the NBOME website (www.nbome.org), and agrees that he or she is legally bound by all terms, conditions and obligations of candidates set forth in the BOI and as it may be amended, modified or supplemented by the NBOME from time to time.
>
> ...
>
> (7) Choice of Law, Forum Selection. These terms and conditions and any other agreement of the candidate with the NBOME are governed by and shall be construed only the laws of the state of Indiana, and any claim by or for the candidate against the NBOME or any of its employees, officers, directors or agents, arising out of or relating to the construction, administration, scoring or otherwise of any examination of the NBOME, or any act or omission of the NBOME or any of its employees, officers, directors or agents, will be determined under the laws of the State of Indiana, without regard to the conflict laws of any state. Candidate agrees and submits to the jurisdiction of the courts of or located in the state of Indiana. Candidate further expressly agrees that any claim, demand or complaint whatsoever by or for the candidate against the NBOME, or any of its employees, officers, directors or agents, shall be brought only in a court of competent jurisdiction in Marion County, Indiana, to the exclusion of all other courts and

6

jurisdictions. Candidate acknowledges that NBOME examinations are administered in all 50 states of the United States and elsewhere, and that it is reasonable for the laws of the state of Indiana, the place of incorporation of the NBOME, to be applicable and that any claim, demand or complaint by the candidate against the NBOME, its employees, officers, directors or agents be brought only in a court of competent jurisdiction in Marion County, Indiana. ... .

(8) Miscellaneous. These Terms and Conditions are legally binding upon the candidate, his or her heirs, successors and assigns, and may not be waived by the NBOME without the written consent of the NBOME. Candidate agrees that his or her agreement to these terms and conditions which are available online at www.nbome.org may be in electronic form for all purposes. ... NBOME is entitled to recover from the candidate all its losses and damages, including reasonable attorneys' fees and costs, caused by any breach or violation by the candidate of any of these terms and conditions.

27.    Plaintiff could not proceed with registration and take the examination without first viewing those Terms and Conditions by clicking on the "View Terms" link, and then agreeing to these Terms and Conditions by clicking the "Agreed to Terms" button, as shown on Exhibit B to this declaration.

28.    A true copy of the online "clickwrap agreement" is attached hereto as Exhibit B.

29.    These Terms and Conditions, including the Choice of Law and Forum Selection terms and conditions, are also set out in the BOI, at pages 1-3 in Exhibit A, which was and is available online to all candidates, including Plaintiff, at www.nbome.org.

7

30.    As the Plaintiff agreed and acknowledged when he registered online to take the COMLEX-USA examinations, "…it is reasonable for the laws of the state of Indiana, the place of incorporation of the NBOME, to be applicable and that any claim, demand or complaint by the candidate against the NBOME, its employees, officers, directors or agents be brought only in a court located in Marion County, Indiana."

Date:   September 30, 2014.

_____
Joseph Flamini

4847-5425-1038, v. 1