# EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARMAINE LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, INC. <br><br> Defendant. | Case No. 20-4368 |

### DECLARATION OF CHARLES WEINER

1. I am over 18 years of age and have personal knowledge of the matters addressed in this Declaration.

2. I am the lead attorney for the Plaintiff Sharmaine Lewis in the above matter.

3. Over the past 15 years I have represented several hundreds of individuals seeking accommodations pursuant to the Americans with Disabilities Act, 42 U.S.C. §12189 (ADA) on post-secondary entrance examinations, professional licensing examinations and certification examinations.

4. I have counseled individuals on the application process, appeals from denials of accommodations and have filed litigation against several testing entities who have denied individuals seeking accommodations.

5. Through my representation, the testing organizations with which I have become familiar include but is not limited to the following:

1

a. The National Board of Medical Examiners (NBME), which is the medical licensing test provider for allopathic medical students and administer a three step series of tests referred to as the United States Medical Licensing Exam (USMLE).

b. The College Board, who administers the SAT, SAT Subject exams, PSAT and AP exams.

c. The ACT, Inc. who administers the ACT exam.

d. The Law School Admission Counsel (LSAC) who administers the LSAT exam.

e. The Association of American Medical Colleges (AAMC) who administers the MCAT exam.

f. The Graduate Management Admission Council (GMAC) who administers the GMAT exam.

g. Educational Testing Service who administers several exams and assessments including the GRE.

6. Through my representation involving the above companies, I have become familiar with many of the policies and practices of these organizations.

7. Based on information and belief, none of these organizations utilize a forum selection clause as a condition for taking their respective examinations.

8. Furthermore, I have filed several law suits on behalf of clients in various jurisdictions. The law suits I have filed include but are not limited to the following:

a. Brendan J. Berger v. National Board of Medical Examiners, 19-cv-00099, U.S.D.C. S.D. Ohio.

b. Emily Behling v. National Board of Medical Examiner, 19-cv-01732, U.S.D.C. Conn.

c. Amy C. Custer v. National Board of Medical Examiners, 18-cv-00109, U.S.D.C. N.D. Ohio.

d. Lauren S. Rosenblatt v. National Board of Medical Examiners, 15-cv-00953, U.S.D.C. W.D. Tex.

e. Lauren R. Keibel v. Association of American Medical Colleges, 14-cv-00465, D.Conn.

f. Sean Bach v. Law School Admission Council, 13-cv-00888, U.S.D.C MD NC.

g. Benjamin C. Hecht v. Law School Admission Council, 13-cv-01530, U.S.D.C. Dist. Of Columbia.

h. Michael Logan v. Law School Admission Council, 11-cv-1246, U.S.D.C. D. MN.

i. Jacob Lieberman v. Law School Admission Council, 09-cv-5274, U.S.D.C S.D.N.Y.

j. S.C., a minor, et. al. v. ACT, Inc., 20-cv-623, U.S.D.C. N.D. Tex.

k. R.R., a minor, et. al. v. Act, Inc. 12-cv-0314, U.S.D.C. S.D. NY.

9. None of these testing entities in the foregoing or in another litigation, not listed above, asserted that Plaintiff was subject to a forum selection clause or attempted to transfer venue on the basis of a forum selection clause.

10. Based on the various testing entities with which I have encountered, the National Board of Osteopathic Medical Examiners is the only private testing entity that utilizes a forum selection clause as a condition for taking its examinations.

11. I declare under penalty of perjury that the foregoing statements are true and correct.

Date: November 20, 2020

Respectfully submitted
_____/s/_____
Charles Weiner, Esquire
LAW OFFICE OF CHARLES WEINER
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
Tel:  (267) 685-6311
Fax:  (215) 604-1507
charles@charlesweinerlaw.com

*Attorney for Plaintiff, Sharmaine Lewis*